IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Action No. 15-cr-335-WJM-2
(Civil Action No. 17-cv-0053-WJM)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent

v.

2.    JENNIFER JO LEWIS,

    Defendant-Movant.

---

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND
DENYING MOTION FOR RECONSIDERATION 18 U.S.C. § 3742(e)
POST SENTENCING REHABILITATION PROGRAMMING**

---

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 184[1]) and Motion for Reconsideration 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Programming (ECF No. 183) filed *pro se* by the Defendant-Movant, Jennifer Jo Lewis, on December 18, 2017.  As directed by the Court, the Plaintiff-Respondent ("Respondent") has filed a response to the motions (ECF No. 187) and Ms. Lewis has utilized the opportunity provided by the Court to submit a reply (ECF No. 189). Following a review of the pending matters and pertinent materials contained within the record, the Court denies the motions.

---

[1] All ECF references in this order will be to Criminal Action No. 15-cr-00335-WJM-2.

1

I. **BACKGROUND**

On August 18, 2015, an Indictment was filed with this Court against Ms. Lewis and a co-defendant. (ECF No. 1). Ms. Lewis was charged in two counts of the Indictment:

1. Count 1, which alleged that on or about July 23, 2015, Ms. Lewis and her co-defendant knowingly and intentionally possessed with the intent to distribute more than 50 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii). (*Id.* at 1).

2. Count 4, which alleged that on or about July 23, 2015, Ms. Lewis, being an unlawful user of a controlled substance, as defined in 18 U.S.C. § 802, did knowingly possess a firearm and ammunition, in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(3). (*Id.* at 2).

Pursuant to a written plea agreement (ECF No. 76), on June 9, 2016, Ms. Lewis pleaded guilty to Count 1 of the Indictment (ECF No. 75). As part of the plea arrangement, the Government agreed to file a motion to dismiss Count 4 of the Indictment. (ECF No. 76 at 1). As noted in the Plea Agreement, the maximum penalty range to which Ms. Lewis was subject for the violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) was 10 years to life imprisonment; no more than 10 million dollar fine, or both; not more than five years supervised release; $100 special assessment fee. (*Id.* at 3).

A Presentence Investigation Report and Sentencing Statement ("PSR") for Ms. Lewis was ordered by the Court. (ECF No. 75). The PSR was prepared and revised by the U.S. Probation Office for the Court's reference at sentencing. (ECF Nos. 118 and 119). Based on a total offense level of 31 and criminal history category of I, the PSR calculated the Guidelines imprisonment range to be 108 months to 135 months. (ECF

No. 118 at 15). However, the statutorily authorized minimum sentence pursuant to 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) is 10 years. Therefore, the Guideline range for Ms. Lewis was 120 months to 135 months, with the PSR recommending the minimum period of imprisonment allowed by statute as 120 months. (ECF 118-1 at 2). By motion, Ms. Lewis requested the Court impose a below-statutory guideline sentence of 48-months pursuant to 18 U.S.C. § 3553(a). (ECF No. 115).

Ms. Lewis was sentenced on November 30, 2016. Considering all relevant factors in the record before the Court, to include Ms. Lewis' motion for a variant sentence which was granted in part, a term of imprisonment of 56 months was imposed. (ECF No. 134). The Judgment in a Criminal Case was entered on December 5, 2016. (ECF No. 135). Ms. Lewis did not file a direct appeal.

Acting *pro se*, Ms. Lewis filed her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 184) and her Motion for Reconsideration 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Programming ("Motion for Reconsideration") (ECF No. 183) on December 18, 2017.

II. **Standard of Review**

The provisions of 28 U.S.C. § 2255 allow a prisoner in federal custody to collaterally attack a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28

U.S.C. § 2255(a). A § 2255 motion is not a substitute for a direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

The Court must construe the § 2255 Motion and Motion for Reconsideration liberally because Ms. Lewis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### III. Analysis

#### A. Ms. Lewis' Motion For Reconsideration

Ms. Lewis moves the Court for reconsideration of her sentence pursuant to 18 U.S.C. § 3742(e) on the grounds that she has been rehabilitated. (ECF No. 183). She asserts she is entitled to relief under *Pepper v. United States*, 562 U.S. 476 (2011). Upon review of the authorities cited by Ms. Lewis, the Court finds that such relief is not available.

The provisions of 18 U.S.C. § 3742(e) establish the factors to be considered in the limited review of a sentence by courts of appeals, but does not expand the authority of the district courts to review sentences. *See* 18 U.S.C. § 3742(e) ("Upon review of the record, *the court of appeals* shall determine . . .") (emphasis added). Ms. Lewis cites the Supreme Court's opinion in *Pepper v. United States*, ostensibly arguing she "could be considered for a reduction of sentence," because in *Pepper* a downward variance was based on the Defendant's "lack of history of violence and [ ] Post-Sentencing Rehabilitation." (ECF No. 183). However, the case principally relied on by Ms. Lewis

4

is distinguishable from her case.

The posture of the case in *Pepper* involved a district court's resentencing of a defendant after the court of appeals had reviewed the prior sentence and remanded the matter to the district court. In that case, the Supreme Court held that evidence of post-sentencing rehabilitation is relevant and may support a downward variance "when a defendant's sentence has been set aside on appeal and [her] case remanded for resentencing." *Id.*, 562 U.S. at 490-91. In this case, however, the United States Court of Appeals for the Tenth Circuit has not reviewed Ms. Lewis' sentence. Ms. Lewis is not before this Court on remand for resentencing and therefore, this Court does not have authority to revisit her sentence. The holding of *Pepper* and the provisions of 18 U.S.C. § 3742 are inapplicable in this case.

Liberally construing the motion as a notice of appeal pursuant to Rule 4(b) of the Rules of Appellate Procedure, such a notice would be untimely. Fed. R. App. P. 4. Ms. Lewis was sentenced on November 30, 2016. Under Rule 4(b), a notice of appeal must be filed within 14 days after the entry of the judgment for the order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). As previously indicated, the Judgment in a Criminal Case was entered on December 5, 2016. (ECF No. 135). The present motion was filed on December 18, 2017 and therefore would be untimely if liberally construed as a notice of appeal.

As the Respondent has indicated (ECF No. 187 at 3-4), the provisions of 18 U.S.C. § 3582 authorizes the Court to modify a previously imposed sentence in a limited number of circumstances, such as:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A), through a proceeding initiated

5

by a motion from the Director of the Bureau of Prisons,

   2. Pursuant to 18 U.S.C. § 3582(c)(1)(B), where otherwise provided by statute or Federal Rule of Criminal Procedure 35, or

   3. Pursuant to 18 U.S.C. § 3582(c)(2), where the defendant has been sentenced based on a sentencing range subsequently lowered by the Sentencing Commission.

None of these limited circumstances applies to Ms. Lewis. The Director of the Bureau of Prisons has not moved to modify Ms. Lewis' term of imprisonment. As a result, she is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(1)(A). Nor has Ms. Lewis alleged an "arithmetical, technical, or other clear error" by the Court sufficient to seek relief under Rule 35, see Fed. R. Crim. P. 35(a), or identified any other statute by which this Court is expressly permitted to reduce her sentence. Accordingly, Ms. Lewis is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(1)(B). Finally, Ms. Lewis was given a term of imprisonment of 56 months, rather than a sentence based upon the advisory 120-to-135 month range set forth in the sentencing guidelines. Therefore, the circumstance found under 18 U.S.C. § 3582(c)(2) does not apply.

Ms. Lewis has not shown she is entitled to a reconsideration of her sentence and her Motion for Reconsideration will be denied.

   **B. Ms. Lewis' § 2255 Motion**

   **i. Timeliness of the § 2255 Motion**

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

   (1) the date on which the judgment of conviction becomes

final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ms. Lewis' conviction became final under § 2255(f)(1) on December 19, 2016, when the time expired to file a direct appeal of the December 5, 2016 Judgment. *See* Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment). Accordingly, the one-year period elapsed on December 19, 2017. S*ee United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in ' 2255(f)). The Respondent does not challenge the timeliness of the § 2255 motion filed on December 18, 2017, and therefore it is deemed timely.

### ii. Discussion of Claims Presented in the § 2255 Motion

In her habeas motion, Ms. Lewis raises two claims for relief: First, Ms. Lewis alleges that she received ineffective assistance of counsel based on her attorney's failure to present evidence of collateral consequences at sentencing. (ECF No. 184 at 4 & 12-13). For her second claim, Ms. Lewis raises the same allegations and

7

arguments as those set forth in her Motion for Reconsideration. (*Id.* at 5 & 13).

For her claim of ineffective assistance of counsel, Ms. Lewis contends that representation by her attorney was deficient because counsel failed to present evidence to this Court at sentencing concerning the collateral consequences to Ms. Lewis in becoming a convicted felon because of public benefits she will be unable to receive, restrictions on her employment in certain professions, the negative impact on her relationship with family, and other economic, political, and social ramifications. (ECF No. 184 at 12-13). Ms. Lewis also contends that her counsel was ineffective for failing to provide evidence of a pit bull dog attack and the physical hardship her injuries from the attack has presented, along with concerns that when Ms. Lewis is released from prison, she "can be stopped and searched for any reason and sent back to prison for the most minor infraction" because of her status on supervised release. (*Id.*).

In order to demonstrate ineffective assistance of counsel, Ms. Lewis must show both that her attorney's performance was deficient and that the deficiency caused her prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption" that an attorney "render[s] adequate assistance and [makes] all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. In order to demonstrate deficiency, Ms. Lewis "must show that h[er] attorney's performance fell below an objective standard of reasonableness." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (citation omitted). In order to demonstrate prejudice in the context of a guilty plea, the movant must show "a reasonable probability" that "but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on

going to trial." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002).

Ms. Lewis' claim that her attorney failed to present evidence at sentencing of the collateral consequences Ms. Lewis' conviction would have on eligibility for public benefits, restrictions on employment in certain professions, and other economic, political, and social ramifications, fails to establish that her attorney's performance was deficient. The general collateral consequences of a felony conviction alleged by Ms. Lewis in this regard "are not unusual or unwarranted. Instead, they are the natural and intended collateral consequences of having been convicted." *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (court of appeals affirmed dismissal of motion to expunge conviction based on contentions that defendant's status as a convicted felon disrupted many aspects of her life and unjustly interfered with defendant's efforts to rebuild her life). Ms. Lewis provides no evidence or argument upon which it can be determined that the performance of her attorney in this regard fell clearly outside of the realm of reasonable professional competence.

As stated by the Respondent (ECF No. 187 at 3-4), the PSR provided information to the Court regarding collateral circumstances particular to Ms. Lewis such as:

1. Her past work as an EMT. (ECF No. 118 at ¶70).

2. The ages and identity of her children, who she would not be able to look after from prison. (*Id.* at ¶ 42).

3. The pit-bull attack which led to surgeries to fix Ms. Lewis' tendon. (*Id.* at ¶¶ 45, 52).

In addition, in the Motion for Variant Sentence Pursuant to 18 U.S.C. § 3553(A) filed with the Court prior to sentencing, counsel reminded the Court that Ms. Lewis had

"graduated high school, attended college, obtained her EMT certification and maintained steady employment" (ECF No. 115 at 6), but that Ms. Lewis would be convicted of a felony so that she "will not be able to take advantage of employment opportunities she would have otherwise had in the community" (*id.* at 8). Counsel specifically objected to and argued against Supervised Release Condition #13 requiring Ms. Lewis to notify third parties of the risks that may be occasioned by her criminal record, personal history or characteristics, pointing out that the condition was not mandatory and raising concerns regarding the potential it had for jeopardizing future employment opportunities for Ms. Lewis. (ECF No. 114 at 3-5). Further, counsel referred the Court to the fact that Ms. Lewis has three children (ECF No. 115 at 5) and stated "Ms. Lewis will miss spending time with her children and will not be a support system for them while she is incarcerated" (*id.* at 8). Finally, Ms. Lewis' attorney objected to and argued against Supervised Release Condition #4 requiring Ms. Lewis to submit to searches since the condition is not mandatory in Ms. Lewis' case and because it was a greater deprivation of her liberty than necessary to deter crimes or protect the public. (ECF No. 114 at 5-6). Counsel's efforts for a variant sentence were, in part, successful and her objections to conditions of supervised release were considered by the Court. (ECF No. 134).

As stated by the Respondent, the alleged continued decline of the health and usefulness of Ms. Lewis' arm that was injured in the dog attack since her imprisonment or the concerns with her daughter's pregnancy (child is due in May 2018) are events which occurred after sentencing. Therefore, these were not issues of which counsel could have been aware at the time of sentencing nor which could have been presented

to the Court. For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable. *See Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir. 1997). Ultimately, when considering the allegations made by Ms. Lewis concerning representation by her attorney at sentencing against the actual record of her sentencing, Ms. Lewis fails to show that her counsel's performance fell below an objective standard of reasonableness or was unreasonable in any fashion.

Since Ms. Lewis has not demonstrated that her counsel was constitutionally deficient at sentencing, the Court is not required to consider whether Ms. Lewis was prejudiced by counsel's performance. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *see also Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (same). However, even if Ms. Lewis had made an arguable claim that her counsel's performance was deficient, her post-conviction motion fails to show that she was prejudiced in the proceedings.

To establish prejudice, Ms. Lewis was required to show a reasonable probability that but for the alleged errors, she would not have pleaded guilty and would have insisted on going to trial. *See Clingman*, 288 F.3d at 1186. Ms. Lewis would be required to show that her "decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010). While a defendant need not establish that she would have prevailed at trial in order to show prejudice, her "prospects of succeeding inform [the court's] view of whether [she] would have gone to trial." *United States v. Triplett,* 263 Fed.Appx. 688, 690 (10th Cir. 2008).

Here, the prosecution possessed significant evidence against Ms. Lewis, to include her own admissions. (ECF No. 118 at 3-5). Ms. Lewis does not point to any defense she might have raised. While the plea agreement did not include a specific sentencing recommendation, it did call for the dismissal of the firearm charge against Ms. Lewis and two opportunities for her to receive a reduction in her offense level, as well as provided for a possible Government motion for a downward departure from the Sentencing Guidelines. (ECF No. 76). Ms. Lewis only references the collateral consequences of her felony sentence in support of her claim which does not provide a basis upon which to establish the prejudice prong of an ineffective assistance of counsel claim pursuant to *Strickland*.

Under the charge of Possession With Intent to Distribute More than 50 Grams of Methamphetamine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), Ms. Lewis faced a mandatory minimum of 10 years and a maximum of life. (ECF No. 118 at 15). Additionally, Ms. Lewis faced possible conviction and penalties at trial under the charge of Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(3), if the charge was not dismissed as part of a plea arrangement. (ECF No. 76). Based on the evidence against her and the charges and potential penalties on conviction she faced had she gone to trial rather than pleading guilty, Ms. Lewis does not carry her burden to identify facts showing that it would have been rational under the circumstances to reject the plea and proceed to trial. *See, e.g., United States v. Mooneyham,* 580 Fed.Appx. 657, 659-60 (10th Cir. 2014) (finding no prejudice because no rational defendant would have rejected a plea of 20 years when facing a mandatory minimum of 25 years and

statutory maximum of 40 years, given the strength of the evidence against the defendant).

Ms. Lewis has failed to establish either deficient performance or prejudice under *Strickland*, and thus she fails to demonstrate ineffective assistance of counsel which would entitle her to relief pursuant to the first claim of her § 2255 Motion.

With regard to the second claim raised by Ms. Lewis in her § 2255 Motion, the claim is identical in nature and substance to her Motion for Reconsideration. (*Compare* ECF No. 183 *with* ECF No. 184 at 13). Attempting to frame the relief requested in her Motion for Reconsideration under 18 U.S.C. § 3742(e) within a § 2255 Motion provides no better avenue of success for Ms. Lewis.

In order to obtain relief on her second claim under § 2255, Ms. Lewis must demonstrate that her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion alleging constitutional violation, the movant must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993). To prevail on a § 2255 motion alleging non-constitutional violation, the movant must establish a fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States,* 368 U.S. 424, 428 (1962).

Under the facts and allegations set forth in her second claim, Ms. Lewis has not specifically or in any other manner articulated a constitutional violation or deprivation entitling her to relief from her sentence under 28 U.S.C. § 2255 based on her post-sentencing rehabilitation efforts. The Court varied downward from the applicable Sentencing Guidelines range when imposing Ms. Lewis' term of imprisonment at sentencing. *See Koon v. United States,* 518 U.S. 81, 92 (1996) ("[If] the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" a district court may depart from the relevant sentencing range). Had Ms. Lewis' sentence subsequently been set aside on appeal and her case remanded for resentencing, the Court would be able to consider evidence of rehabilitation since her prior sentencing. *See* Pepper, 562 U.S. at 490. However, Ms. Lewis is not being resentenced following the vacation of an invalid conviction or illegal sentence. Further, she has not identified any legal or factual error which this Court committed at the time her sentence was originally imposed. Therefore, Ms. Lewis' sentence was legally correct when pronounced and there is no independent basis which opens up her sentence for reconsideration.

The only evidence of rehabilitation presented in this matter concerns Ms. Lewis' conduct in prison after sentencing. While this conduct is admirable and demonstrates accomplishments in which she should take pride, Ms. Lewis' post-sentencing rehabilitation efforts are not grounds, standing alone, that provide a basis for collaterally attacking her sentence. *See United States v. Galindo,* 2013 WL 12231883 at *7 (W.D.

Texas Dec. 16, 2013) (citing *Cruz v. United States*, 2000 WL 1510079 at *9 (S.D.N.Y. Oct. 10, 2000) ("neither the Guidelines nor any other statute or controlling authority permits the reduction of a sentence upon collateral review when the conviction has not been vacated or the sentence found illegal") and *United States v. Dugan*, 57 F.Supp.2d 1207, 1209 (D. Kan. 1999) (collecting cases) (post-sentencing rehabilitation and education provide no independent basis for relief under § 2255)). As discussed under Section III(A) above, Ms. Lewis' sentence does not violate nor is she entitled to relief pursuant to the federal authority found at 18 U.S.C. § 3742(e) or 18 U.S.C. § 3582. Accordingly, in her second claim for relief, Ms. Lewis has failed to demonstrate that her sentence violates federal law or that the claim falls within the scope of 28 U.S.C. § 2255.

For the foregoing reasons, Ms. Lewis' § 2255 Motion is denied.

## IV. Evidentiary Hearing

As set forth above, Ms. Lewis' § 2255 Motion does not set forth a basis for relief. Because that conclusion is definitively shown from the record and from the nature of Ms. Lewis' claims, the Court finds there is no need for an evidentiary hearing on the § 2255 Motion. *United States v. Galloway,* 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

## V. Orders

For the reasons discussed above, it is

ORDERED that the Motion for Reconsideration 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Programming (ECF No. 183) is DENIED. It is

FURTHER ORDERED that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 184) is DENIED and DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability shall issue because Ms. Lewis has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Lewis files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 23rd day of March, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge